SLIP OPINION

Cite as 2015 Ark. App. 320

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-1126

| | |
|---|---|
| LEECE PROPERTIES, LLC; JEFFERY W. LEECE; and SHERRY S. LEECE<br><br>APPELLANTS<br><br>V.<br><br>RODNEY MYERS; R.D. MYERS DEVELOPMENT, INC.; SCOTT VISE; JONATHAN D. JONES, individually and JONATHAN D. JONES, ATTORNEY AT LAW, P.A.<br><br>APPELLEES | **Opinion Delivered** MAY 13, 2015<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV 2011-1026]<br><br>HONORABLE LYNN WILLIAMS, JUDGE<br><br>REBRIEFING ORDERED |

## CLIFF HOOFMAN, Judge

Appellants Leece Properties, LLC; Jeffery W. Leece; and Sherry S. Leece appeal from a September 5, 2014 order and a December 18, 2013 order entered by the Garland County Circuit Court in favor of appellees Rodney Myers; R.D. Myers Development, Inc.; Scott Vise ("Vise"); and Jonathan D. Jones, individually and Jonathan D. Jones, Attorney at Law, P.A. ("Jones"). On appeal, appellants contend that (1) the circuit court erred in granting appellee Vise's motion for summary judgment and the subsequent order for attorney's fees and (2) the circuit court erred in granting appellee Jones's motion for summary judgment. Because appellants' abstract and addendum are deficient, we do not reach the merits of this appeal and, instead, order rebriefing.

Appellants initially filed a complaint on September 8, 2011, and an amended complaint

was filed on October 21, 2011. In the amended complaint, appellants, in relevant part, alleged causes of action for breach of contract and for fraud against Vise and for professional negligence against Jones.[1] Vise filed a motion for summary judgment on July 29, 2013, alleging that he was not a party to the contracts and that appellants could not demonstrate that he conspired to commit any fraudulent act. In support of his motion, Vise attached excerpts from depositions taken in this case and a brief in support of his motion. Appellants filed a response on August 19, 2013, alleging that there were still issues of "genuine fact" but did not attach any supporting documents. Subsequently, the circuit court granted Vise's motion for summary judgment on December 18, 2013, specifically finding that "there [was] no evidence of an oral or written contract between Plaintiffs and Separate Defendant, Scott Vise" and "[t]hat there [was] no evidence of any statement or action that can be construed to be a fraudulent statement or prove any of the elements of fraud committed by Separate Defendant, Scott Vise." Additionally, the circuit court awarded Vise attorney's fees.

Jones filed his motion for summary judgment on June 18, 2014, alleging that he was only retained to draft documents, that he performed those duties and was paid, and that he was entitled to a summary judgment of dismissal as a matter of law. In support of his motion, Jones filed a brief in support and attached excerpts of deposition testimony. Appellants filed a response to the motion for summary judgment on July 11, 2014. Additionally, appellants filed a brief in support of their response. However, this document is not included in the

---

[1] Although the amended complaint also alleged causes of action against Rodney Myers and R.D. Myers Development, Inc., the circuit court granted appellants' motion for partial voluntary dismissal on May 19, 2014, specifically dismissing them from this action.

SLIP OPINION

addendum on appeal. After a hearing, the circuit court granted Jones's motion for summary judgment, finding that there was "no proof offered by the Plaintiffs that Jonathan D. Jones was ever hired to do anything other than prepare the documents for which were done and for which the Plaintiffs paid him." Therefore, the circuit court found that Jones did not owe a duty to appellants beyond the preparation of those documents and that no genuine issue of law or material fact existed. This appeal followed.

On appeal, appellants contend that (1) the circuit court erred in granting appellee Vise's motion for summary judgment and the subsequent order for attorney's fees and (2) the circuit court erred in granting appellee Jones's motion for summary judgment.[2] Because appellants' abstract and addendum are deficient, we do not reach the merits of this appeal at this time and, instead, order rebriefing.

As noted above, the addendum is incomplete and is missing appellants' brief in support of their response to the motion for summary judgment. Additionally, appellants' abstract is deficient in that it fails to abstract all the material parts of the deposition and hearing transcripts. Appellants abstract and improperly condense certain portions of the transcripts while failing to abstract other portions. Furthermore, appellants fail to provide all necessary record page references in the abstract as required by Arkansas Supreme Court Rule 4–2(a)(5) & 8 (2014) which provides,

---

[2] Appellees filed a motion for sanctions and for an order finding that this appeal was being prosecuted for purposes of delay, and this motion was passed to the panel to be considered with the merits of the appeal. However, because rebriefing is necessary, this motion is left outstanding to be considered by the panel after the appeal is rebriefed.

SLIP OPINION

(5) Abstract. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

> (A) Contents. All material information recorded in a transcript (stenographically reported material) must be abstracted. Depending on the issues on appeal, material information may be found in, for example, counsel's statements and arguments, voir dire, testimony, objections, admissions of evidence, proffers, colloquies between the court and counsel, jury instructions (if transcribed), and rulings. All material parts of all hearing transcripts, trial transcripts, and deposition transcripts must be abstracted, even if they are an exhibit to a motion or other paper. Exhibits (other than transcripts) shall not be abstracted. Instead, material exhibits shall be copied and placed in the addendum. If an exhibit referred to in the abstract is in the addendum, then the abstract shall include a reference to the addendum page where the exhibit appears.

> (B) Form. The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). The abstract must not reproduce the transcript verbatim. No more than one page of a transcript shall be abstracted without giving a record page reference. In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. The question–and–answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript.

. . . .

(8) Addendum. The appellant's brief shall contain an addendum after the signature and certificate of service. The addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. The addendum shall not merely reproduce the entire record of trial court filings, nor shall it contain any document or material that is not in the record.

> (A) Contents.
>> (i) The addendum must include the following documents:
>>> . . . .
>>
>>> • all motions (including posttrial and postjudgment motions), responses, replies, exhibits, and related briefs, concerning the

order, judgment, or ruling challenged on appeal. But if a transcript (stenographically reported material) of a hearing, deposition, or testimony is an exhibit to a motion or related paper, then the material parts of the transcript shall be abstracted, not included in the addendum. The addendum shall also contain a reference to the abstract pages where the transcript exhibit appears as abstracted[.]

Thus, because appellants' brief in support of their response to the motion for summary judgment and a complete abstract are necessary to understand the case and to decide the issues on appeal, rebriefing is necessary to correct the deficiencies.

Pursuant to Arkansas Supreme Court Rule 4-2(b)(3), appellants are afforded an opportunity to cure these deficiencies and have fifteen days from the date of this opinion within which to file a substituted abstract, addendum, and brief. Upon the filing of such a substituted brief, appellees will then be afforded an opportunity to revise or supplement their brief in the time prescribed by the clerk. *Id.* The deficiencies noted are not to be taken as an exhaustive list, and we encourage counsel for appellants to review our rules to ensure that no other deficiencies are present. If, after the opportunity to cure the deficiencies, appellants fail to file a complying abstract, addendum, and brief within the prescribed time, the judgment may be affirmed for noncompliance with the rules. *Id.*

Rebriefing ordered.

VAUGHT and BROWN, JJ., agree.

*Naramore Law Firm, P.A.*, by: *Ronald G. Naramore*, for appellants.

*Tapp Law Firm, P.A.*, by: *Taylar C. M. Tapp III*; and *Jonathan D. Jones*, for appellees.